IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| HOWARD FOUNDATION HOLDINGS LIMITED,<br><br>       Plaintiff,<br><br>  v.<br><br>INTERNATIONAL VITAMIN CORPORATION,<br><br>       Defendant. | C.A. No. 12-035-RGA<br><br>**JURY TRIAL DEMANDED** |

## DEFENDANT INTERNATIONAL VITAMIN CORPORATION'S ANSWERING BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT

OF COUNSEL:

Roderick R. McKelvie
Christopher N. Sipes
Erica N. Andersen
Meagan P. Keane
COVINGTON & BURLING LLP
1201 Pennsylvania Avenue, NW
Washington, DC 20004-6020
Tel:  (202) 662-6000
Fax:  (202) 662-6291

Dated: January 2, 2013

YOUNG CONAWAY STARGATT & TAYLOR, LLP

Adam W. Poff (No. 3990)
Monté T. Squire (No. 4764)
Rodney Square
1000 North King Street
Wilmington, DE  19801
(302) 571-6600
*apoff@ycst.com*
*msquire@ycst.com*

*Attorneys for Defendant International Vitamin Corporation*

# **TABLE OF CONTENTS**

Page

BACKGROUND AND INTRODUCTION ................................................................... 1

NATURE OF THE PROCEEDINGS ........................................................................... 4

ARGUMENT ................................................................................................................. 5

I.      STANDARD FOR MOTION TO AMEND ..................................................... 5

II.     PLAINTIFF'S MOTION TO AMEND SHOULD BE DENIED ..................... 6

      A.      Plaintiff Unduly Delayed In Seeking To Join OmniActive .................................. 6

      B.      Plaintiff's Proposed Amendment Would Unduly Prejudice IVC ........................ 10

      C.      Plaintiff's Second Amended Complaint Is Deficient; Therefore
           Amendment Would Be Futile and Should Be Denied ........................................... 13

CONCLUSION ............................................................................................................. 17

# TABLE OF AUTHORITIES

Page

**CASES**

*Acosta-Mestre v. Hilton Int'l of P.R., Inc.*,
 156 F.3d 49 (1st Cir. 1998) ................................................................9, 10

*Androphy v. Smith & Nephew, Inc.*,
 31 F. Supp. 2d 620 (N.D. Ill. 1998) ...................................................12

*Ashcroft v. Iqbal*,
 556 U.S. 662 (2009) ..............................................................................15, 16

*Bayer Cropscience AG v. Dow Agrosciences LLC*,
 Civ. A. No. 12-256-RGA, 2012 WL 6062019 (D. Del. Dec. 6, 2012) ....................................3

*Bell Atl. Corp. v. Twombly*,
 550 U.S. 544 (2007) ...............................................................................13

*Cureton v. NCAA*,
 252 F.3d 267 (3d Cir. 2001) ..........................................................6, 10, 11

*DSU Med. Corp. v. JMS Co.*,
 471 F.3d 1293 (Fed. Cir. 2006) ........................................................15

*Eidos Commc'ns, LLC v. Skype Tech. SA*,
 686 F. Supp. 2d 465 (D. Del. 2010) ................................................13, 15

*Estate of Oliva ex rel. McHugh v. New Jersey*,
 604 F.3d 788 (3d Cir. 2010) .......................................................... *passim*

*Foman v. Davis*,
 371 U.S. 178 (1962) ........................................................................... *passim*

*Frazier v. Map Oil Tools, Inc.*,
 Civ. A. No. C-10-4, 2010 WL 2352056 (S.D. Tex. June 10, 2010) ..........................................7

*Halladay v. Verschoor*,
 381 F.2d 100 (8th Cir. 1967) ..............................................................3

*In re Bill of Lading Transmission & Processing Sys. Patent Litig.*,
 681 F.3d 1323 (Fed. Cir. 2012) .........................................................14, 15, 16

*IpVenture, Inc. v. Acer, Inc.*,
 Civ. A. No. 11-588-RGA, 2012 WL 3016958 (D. Del. July 24, 2012) ..........................1, 2, 12

*Jang v. Boston Scientific Scimed, Inc.*,
 Civ. A. No. 10-681-SLR, 2012 WL 3106753 (D. Del. July 31, 2012) ...............................5, 6

*Lab. Skin Care, Inc. v. Ltd Brands, Inc.*,
757 F. Supp. 2d 431 (D. Del. 2010)......................................................................11

*Lake v. Arnold*,
232 F.3d 360 (3d Cir. 2000)....................................................................................5

*Lantiq N. Am., Inc. v. Ralink Tech. Corp.*,
Civ. A. No. 11-00234-EJD, 2011 WL 2600747 (N.D. Cal. Jun. 30, 2011)...........14

*Larez v. Holcomb*,
16 F.3d 1513 (9th Cir. 1994) ...................................................................................3

*Lover v. District of Columbia*,
248 F.R.D 319 (D.D.C. 2008)................................................................................11

*Lozano v. Ocwen Fed. Bank, FSB*,
489 F.3d 636 (5th Cir. 2007) ...................................................................................6

*Massarsky v. GM Corp.*,
706 F.2d 111 (3d Cir. 1983).....................................................................................5

*MONEC Holding AG v. Motorola Mobility, Inc.*,
Civ. A. No. 11-798-LPS-SRF, 2012 WL 4340653 (D. Del. Sept. 20, 2012) ..........15

*Panetta v. SAP Am., Inc.*,
294 F. App'x 715 (3d Cir. 2008) ...........................................................................10

*Pragmatus AV, LLC v. Yahoo! Inc.*,
Civ. A. No. 11-902-LPS-CJB, 2012 WL 6044793 (D. Del. Nov. 13, 2012)...........15

*SmithKline Beecham Corp. v. Pentech Pharms., Inc.*,
Civ. A. Nos. 00-C-2855, 00-C-5831, 2002 WL 1303137 (N.D. Ill. June 13, 2002) ....... *passim*

*Sorensen v. DMS Holdings, Inc.*,
Civ. A. No. 08CV559-BTM-CAB, 2010 WL 4909615 (S.D. Cal. Nov. 24, 2010) ...............12

*Spansion, Inc. v. ITC*,
629 F.3d 1331 (Fed. Cir. 2010), *cert. denied*, 132 S. Ct. 758 (2011) .....................16

**STATUTES**

35 U.S.C. § 299...............................................................................................2, 12, 16

**OTHER AUTHORITIES**

Fed. Rule Civ. P. 15 ..................................................................................... *passim*

Fed. Rule Civ. P. Form 18 ......................................................................................14

## BACKGROUND AND INTRODUCTION

Through its proposed Second Amended Complaint, Plaintiff Howard Foundation Holdings Ltd. ("Plaintiff") seeks to dramatically transform and expand this action to encompass matters unconnected with, and materially prejudicial to, Defendant International Vitamin Corporation ("IVC"). Plaintiff's proposed amendment is unduly delayed, would unfairly prejudice IVC, and is futile. The motion should be denied.

IVC is the manufacturer of the sole accused product in this litigation—a nutritional supplement sold under the name Trunature® Lutein & Zeaxanthin. In its proposed amendment, Plaintiff seeks to add two OmniActive entities, OmniActive Health Technologies, Ltd. and OmniActive Health Technologies, Inc. (collectively, "OmniActive"). These entities supply the bulk lutein/zeaxanthin ingredient used by IVC in manufacturing the accused product. Plaintiff argues that adding the bulk supplier to this lawsuit will permit it to obtain "complete relief" because it can then recover for products (which it does not identify) manufactured by entities (which it also fails to identify) other than Defendant IVC. (D.I. 52 at 3–4.) Plaintiff also argues that adding OmniActive will make it "easier" to obtain discovery from the supplier, which is partly located in India. (*Id.* at 4.)

Plaintiff's own arguments show the impropriety of the proposed amendment. Plaintiff argues that OmniActive is liable "based on sales to IVC as well as other persons." (D.I. 52 at 3–4.) The unidentified products manufactured by these anonymous "others" are, by necessity, lutein/zeaxanthin compositions manufactured and sold by IVC's competitors. But IVC should not be forced to defend the question of whether its competitors' products infringe. As this Court recently ruled, it is generally improper to join direct competitors in a single patent infringement lawsuit, even where the competitors use the same component supplier. *See IpVenture, Inc. v. Acer, Inc.*, Civ. A. No. 11-588-RGA, 2012 WL 3016958, at *2 (D. Del. July 24, 2012) ("They

are all direct competitors, which also significantly counsels against their joinder in the same case."). The same logic applies here, where Plaintiff seeks to add a component supplier in an attempt to force the manufacturer defendant to litigate infringement of competitor products. Indeed, the recently enacted joinder standard in the Leahy-Smith America Invents Act ("AIA"), which applies to this case, only strengthens the conclusion that OmniActive should not be joined. *See* 35 U.S.C. § 299(b).

Plaintiff's alternative argument that amendment would make discovery from OmniActive "easier" similarly undermines its motion. Under the Scheduling Order entered by this Court (D.I. 19), fact discovery closes on March 29, 2013. The deadlines for initial infringement and invalidity contentions, substantial completion of document production, and identification of claim terms in dispute have already passed. Under Plaintiff's proposed amendments, all these deadlines would need to be reset, and resolution of the lawsuit delayed. This delay would cause substantial detriment to IVC, which seeks prompt resolution of the lawsuit against it. Indeed, Plaintiff's overt desire for additional discovery from OmniActive, combined with its vague allegations concerning infringing products made by others, strongly suggests that Plaintiff is engaged in an improper fishing expedition against OmniActive that is plainly a prejudicial detour from the pending lawsuit against IVC.

Nor does Plaintiff's purported justification for the timing of its motion—made on the very last day permitted for amendment of pleadings—fare any better. Plaintiff does not argue that its delay in joining OmniActive to this action resulted from ignorance of the claims against OmniActive that Plaintiff now seeks to assert. Nor could it. As Plaintiff acknowledges, it knew that OmniActive supplied the lutein/zeaxanthin bulk material in IVC's product as early as

November 2010, more than a year before Plaintiff filed this lawsuit (D.I. 52-1 at ¶ 26), and hence was in possession of the basis for its proposed new claims well before the present case began.

Instead, Plaintiff argues its delay in adding OmniActive results from its asserted "recent" discovery that OmniActive is indemnifying IVC for any finding of infringement arising from use of OmniActive's bulk material, which Plaintiff asserts makes OmniActive the "real party in interest" in this lawsuit.  (D.I. 52 at 2, 3.)  Even if Plaintiff could legitimately claim surprise at a supplier's obligation of indemnification, Plaintiff is nonetheless wrong that any such obligation renders OmniActive the real party in interest.  Regardless of OmniActive's obligation of indemnification to IVC, it is IVC that is the accused infringer in the lawsuit and IVC's products that would be barred from the marketplace should Plaintiff obtain the injunctive relief sought in the extant First Amended Complaint.  (*See* D.I. 35 at 8.)  As this Court has recently held, an obligation to indemnify does not make the indemnitor a necessary party to patent litigation, let alone the "real party in interest."  *See Bayer Cropscience AG v. Dow Agrosciences LLC*, Civ. A. No. 12-256-RGA, 2012 WL 6062019, at *3 (D. Del. Dec. 6, 2012).  In fact, it is generally considered improper—and highly prejudicial—to inform a jury about the existence of an indemnification agreement, let alone bring the indemnitor before the jury as a defendant.  *See, e.g.*, *Halladay v. Verschoor*, 381 F.2d 100, 112–13 (8th Cir. 1967) ("The reasoning behind this rule is that the parties are entitled to have the issues determined on their merits and that the injection of the insurance or indemnity feature leading to the conclusion that the damages sued for have been or will be taken care of by an insurance or indemnity company is utterly repugnant to a fair trial or to the securing of the rendition of a just verdict."); *see also Larez v. Holcomb*, 16 F.3d 1513, 1519–20 (9th Cir. 1994).

Simply put, OmniActive's indemnification obligations are irrelevant to the issues in this lawsuit against IVC. Plaintiff's eleventh-hour attempt to bring a foreign indemnitor into court smacks of an improper attempt to prejudice the jury. Indeed, the pretextual nature of Plaintiff's reliance on OmniActive's indemnity obligations to IVC for the proposed amendments is shown by the fact that those amendments seek damages for OmniActive's alleged sales to other parties and for OmniActive's alleged willfulness—matters that have nothing to do with the alleged infringing acts of IVC.

In any event, Plaintiff does not deny that it was aware of its potential claims against OmniActive before the lawsuit, but deliberately withheld asserting those claims as part of the lawsuit against IVC until the last possible minute. Such conduct is the quintessence of undue and improper delay. As shown below, the standards of Rule 15, governing amendment to the pleadings, confirm that Plaintiff's motion should be denied.

### NATURE OF THE PROCEEDINGS

Plaintiff filed its Complaint against IVC on January 13, 2012, alleging direct and indirect infringement of the '432 patent. (D.I. 1.) The Complaint also alleged willful infringement. (*Id.* at ¶ 25.) In addition to answering the Complaint, and counterclaiming for declaratory relief (D.I. 7), IVC moved for judgment on the pleadings for failure to state a claim of willful infringement (D.I. 13–14). In response, Plaintiff filed a cross-motion for Leave to File a First Amended Complaint. (D.I. 21–22.) This Court allowed Plaintiff leave to file its First Amended Complaint, but granted IVC's motion to dismiss Plaintiff's willfulness allegations. (D.I. 34.)

Pursuant to this Court's Scheduling Order (D.I. 19), Plaintiff served infringement contentions on October 1, 2012. Plaintiff identified a single product infringing the patent—IVC's Trunature® Lutein & Zeaxanthin softgels ("Accused Product"). *See* Declaration of Erica

N. Andersen ("Andersen Decl."), Ex. 1.  Plaintiff identified no other products, including other

products from OmniActive or any other entity, as infringing the '432 patent.  *See id.*  IVC served

its Preliminary Invalidity Contentions on November 15, 2012, also in accordance with the

Scheduling Order.  The deadline for substantial completion of document production was

December 14, 2012.  The parties exchanged claim terms on December 12, 2012, and exchanged

proposed constructions on December 21, 2012.  A Joint Claim Construction Chart is due to be

filed with the Court on Monday, January 7, 2013.

## ARGUMENT

### I.      STANDARD FOR MOTION TO AMEND

The decision whether to grant leave to amend under Federal Rule of Civil Procedure

15(a) "rest[s] within the sound discretion of the trial court."  *Massarsky v. GM Corp.*, 706 F.2d

111, 125 (3d Cir. 1983).  In exercising this discretion, courts do not read Rule 15(a) as providing

an unlimited right to amend.  *See, e.g.*, *Estate of Oliva ex rel. McHugh v. New Jersey*, 604 F.3d

788, 803 (3d Cir. 2010).  A motion to amend should be denied "if it is apparent from the record

that (1) the moving party has demonstrated undue delay, bad faith or dilatory motives, (2) the

amendment would be futile, or (3) the amendment would prejudice the other party."  *Lake v.

Arnold*, 232 F.3d 360, 373 (3d Cir. 2000); *see also Jang v. Boston Scientific Scimed, Inc.*, Civ. A.

No. 10-681-SLR, 2012 WL 3106753, at *2 (D. Del.  July 31, 2012) ("Although granting leave to

amend is within the discretion of the court, it should only be granted absent a showing of 'undue

delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies

by amendments previously allowed, undue prejudice to the opposing party by virtue of the

allowance of the amendment, futility of amendment, etc.'" (quoting *Foman v. Davis*, 371 U.S. 178 (1962))).[1]

"Delay is 'undue' when it places an unwarranted burden on the court or when the plaintiff has had previous opportunities to amend." *Estate of Oliva*, 604 F.3d at 803; *see also Lozano v. Ocwen Fed. Bank, FSB*, 489 F.3d 636, 644 (5th Cir. 2007) (affirming denial of leave to amend where plaintiff had been aware of relevant facts for "some time"). "The question of undue delay requires [that the court] focus on the movant's reasons for not amending sooner," and when "a party fails to take advantage of previous opportunities to amend, without adequate explanation, leave to amend is properly denied." *Jang*, 2012 WL 3106753, at *3 (internal quotations omitted, alteration in original).

"The issue of prejudice requires that we focus on the hardship to the defendant[] if the amendment were permitted." *Cureton v. NCAA*, 252 F.3d 267, 273 (3d Cir. 2001).  In particular, "additional discovery, cost, and preparation to defend against new facts or legal theories" may constitute undue prejudice warranting denial of the motion to amend.  *Id.*

## II.    PLAINTIFF'S MOTION TO AMEND SHOULD BE DENIED

### A.    Plaintiff Unduly Delayed In Seeking To Join OmniActive

Plaintiff suggests that, because it filed its motion to dismiss within the time permitted under the Court's schedule (albeit on the last possible day), this "negates any argument that such amendment would result in excessive delay in the resolution of the case." (D.I. 52 at 3.) Plaintiff is wrong both on the law and the facts.  First, the entry of a scheduling order does not shield Plaintiff's last-day amendment from challenge.  To the contrary, the Third Circuit has

---

[1] Plaintiff asserts that leave to amend should be granted "unless the opposing party can demonstrate 'extraordinary circumstances.'"  (D.I. 52 at 3 (citing *Foman*, 371 U.S. at 182).)  The case Plaintiff quotes in support of its "extraordinary circumstances" standard does not use this language, nor does it support Plaintiff's assertion.  *See Foman*, 371 U.S. at 178.

made clear that even under the permissive standard of Rule 15, an amendment must not be unduly delayed.  That is, the amendment must not impose an unwarranted burden on the court or be made without regard to earlier opportunities to amend.  *See, e.g.*, *Estate of Oliva*, 604 F.3d at 803; *see also Frazier v. Map Oil Tools, Inc.*, Civ. A. No. C-10-4, 2010 WL 2352056 (S.D. Tex. June 10, 2010) (denying a motion to intervene filed on the deadline for joinder of parties due to undue delay in filing and prejudice to defendant).

Here, Plaintiff clearly had several earlier opportunities to join OmniActive.  Indeed, Plaintiff's own pleadings confirm that it knew of OmniActive's marketing of bulk lutein/zeaxanthin (trademarked as Lutemax™ 2020) as early as November 2010, more than a year before it filed this lawsuit against IVC.  (D.I. 35 at ¶ 23; D.I. 52-1 at ¶ 26.)  Moreover, when Plaintiff filed this lawsuit in January 2012 against IVC, it expressly recognized that IVC was using OmniActive's bulk ingredient.  (D.I. 1 at ¶ 16 (pleading the presence of Lutemax™ 2020 in IVC's product).)  Thus, Plaintiff could have sought to include OmniActive in the original, January 2012 complaint.

Furthermore, Plaintiff could have added OmniActive when it moved to amend its complaint on June 5, 2012.  (D.I. 21.)  In the First Amended Complaint, Plaintiff expressly stated that OmniActive is IVC's bulk supplier, (D.I. 35 at ¶¶ 16, 35), in an unsuccessful attempt to impute knowledge of Plaintiff's patent to IVC, in order to support a willful infringement claim against IVC, (D.I. 34).  Here too, Plaintiff could have sought to join OmniActive, but chose not to.

It is thus clear that long before the present motion—indeed well before even the filing of the original complaint—Plaintiff had the requisite knowledge of the relationship between IVC and OmniActive, and OmniActive's role in IVC's alleged infringement, to make the same

allegations that Plaintiff now seeks to assert.  A review of Plaintiff's proposed Second Amended

Complaint reveals that Plaintiff added no new material facts to the First Amended Complaint; all

facts in the Second Amended Complaint were known to Plaintiff before the litigation began in

January 2012.  Plaintiff's decision not to pursue claims against OmniActive until now thus

resulted from deliberate decision-making, not ignorance, and is classic undue delay.  *See, e.g.*,

*Estate of Oliva*, 604 F.3d at 803 (finding undue delay where the basis for the new claim "was or

should have been apparent" at the time the plaintiff filed its earlier amended complaint).

Plaintiff attempts to justify its tardiness by stating that it recently became aware of

OmniActive's indemnification obligations to IVC.  But any actual ignorance of OmniActive's

indemnity obligations cannot excuse Plaintiff's delay in adding an infringement claim against

OmniActive.  OmniActive's indemnity obligations to IVC have no relevance to any alleged

claims of infringement—neither to the existing claim that IVC's product infringes, nor to the

new claims Plaintiff seeks to add accusing other manufacturers' products of infringing and

accusing OmniActive of willful infringement.  Tellingly, Plaintiff's proposed Second Amended

Complaint makes no mention of OmniActive's indemnity obligations.  Plaintiff's knowledge (or

lack thereof) regarding OmniActive's indemnity obligations does not change the operative fact

here:  Plaintiff had all requisite information forming the basis of its claims against OmniActive

before both filing the original Complaint in January and moving to file its First Amended

Complaint in June.  Its decision not to assert those claims until now was thus unduly delayed.

Moreover, Plaintiff is plainly wrong in its assertion that allowing its amendment will not

delay resolution of the lawsuit.  "Denial of a motion to amend is particularly warranted if the

movant does not explain the reason for the delay and the amendment would cause further delay

in the litigation."  *SmithKline Beecham Corp. v. Pentech Pharms., Inc.*, Civ. A. Nos. 00-C-2855,

00-C-5831, 2002 WL 1303137, at *2 (N.D. Ill. June 13, 2002) (internal quotation marks omitted); *see also Acosta-Mestre v. Hilton Int'l of P.R., Inc.*, 156 F.3d 49, 52 (1st Cir. 1998) ("[E]specially where allowing the amendment will cause further delay in the proceedings, 'undue delay' in seeking the amendment may be a sufficient basis for denying leave to amend."). Plaintiff's infringement contentions, due on October 1, identified only IVC's Trunature® Lutein & Zeaxanthin product.  Andersen Decl., Ex. 1.  Plaintiff has yet to identify any product made by OmniActive or the anonymous "others" as falling within the claims of the patent.  The time for substantial completion of document production has already passed (it was December 14, 2012), and fact discovery closes on March 29, 2013.  Neither deadline would permit for discovery by or from OmniActive or the allegedly infringing third parties.  Essentially, IVC would be subjected to a complete restart of the discovery period to allow offensive and defensive discovery to take place concerning these unidentified new products and OmniActive's alleged willfulness.

Further, the existing parties have already exchanged lists of patent terms to be construed and proposed constructions for those terms.  The parties are due to submit their joint claim construction chart to the Court in just five days, with claim construction briefing to commence on February 4, 2012.  All of these deadlines will need to be substantially extended into the future if Plaintiff's Second Amended Complaint is permitted and OmniActive is joined as a party.

Moreover, though the Scheduling Order provides that "[a]ll motions to join other parties, and to amend or supplement the pleadings, shall be filed on or before December 14, 2012," (D.I. 19), Plaintiff's Second Amended Complaint seeks damages for yet unspecified products and sales, as well as enhanced damages for OmniActive's alleged willfulness with regard to these same products and sales.  Thus, it is not even possible to ascertain the scope of discovery or the full delay Plaintiff's Second Amended Complaint may ultimately require, and any subsequent

amendment necessary to provide such detail would necessarily be untimely.  What is clear is that Plaintiff's Second Amended Complaint essentially seeks a "do over" for this litigation, with entirely new accused products, defendants (and non-parties), and legal theories.  Plaintiff's amendment will substantially delay resolution of the case against IVC, and should be denied. *See SmithKline*, 2002 WL 1303137, at *2 (denying motion to add willfulness); *see also Panetta v. SAP Am., Inc.*, 294 F. App'x 715, 718 (3d Cir. 2008) ("[A]llowing [Plaintiff] to assert a new claim at such a late stage in the litigation would deprive the defendants of discovery or require them to repeat processes that were already complete.").

### B.    Plaintiff's Proposed Amendment Would Unduly Prejudice IVC

"[S]ubstantial or undue prejudice to the non-moving party is a sufficient ground for denial of leave to amend," and a central focus in evaluating Plaintiff's motion is the hardship to IVC if amendment is permitted.  *Cureton*, 252 F.3d at 273.  Additional costs, excessive delay, and/or new facts and legal theories added to the case create hardships for the nonmoving party, and thus, must be carefully evaluated.  *Id.*; *see also Acosta-Mestre*, 156 F.3d at 52.  Here, the prejudice to IVC from Plaintiff's proposed amendment is clear.

First, as discussed above, adding Plaintiff's claims against OmniActive will significantly delay resolution of its claims against IVC.  Essentially, Plaintiff's amendment would start this litigation over again, this time adding claims of infringement against as yet unidentified products manufactured by anonymous third parties, and claims of willfulness against OmniActive.  All of these factual issues are new to the case—Plaintiff's infringement contentions identified neither OmniActive's nor any other parties' products as infringing—and will require considerable discovery.  In the meantime, IVC stands accused of infringement.  It is unfair to IVC to delay resolution of the litigation against it simply in order to allow Plaintiff to pursue allegations of infringement against third-party products.

01:13080690.1

Second, defense of the new allegations will require IVC to prepare to defend against new, complex, and serious charges unrelated to the present case.  To date, this case has concerned the question of whether IVC's product infringes the patent-in-suit.  Plaintiff's proposed new claims would introduce factual and legal issues concerning whether other products from other manufacturers infringe the patent and whether OmniActive, the bulk supplier, willfully infringes the patent in supplying the bulk ingredient.  Even putting aside the particular prejudice to IVC from being forced to defend against those allegations (a matter taken up immediately below), IVC would nonetheless be prejudiced by the additional time and resources it would be required to devote to evaluating and responding to those issues, *see Cureton*, 252 F.3d at 273, and by the potential jury confusion in distinguishing between IVC's actions and those of bulk supplier and competitors, *see Lover v. District of Columbia*, 248 F.R.D 319, 325 (D.D.C. 2008) (denying motion to amend in part because of risk of jury confusion); *see also Lab. Skin Care, Inc. v. Ltd Brands, Inc.*, 757 F. Supp. 2d 431, 442 (D. Del. 2010) (finding risk of juror confusion and burden on jury warrants bifurcating damages and willfulness from validity and infringement).

Here, however, the prejudice to IVC is even greater because of the specific nature of the new allegations, which would require IVC to undertake the defense of both the products of its direct competitors and the knowledge of its supplier.  As discussed above, Plaintiff's proposed amendment seeks to add claims of infringement against other products manufactured by unidentified parties, who also use OmniActive as a bulk supplier.  (D.I. 52 at 3–4; D.I. 52-1 at ¶¶ 18, 36, 37.)   Although Plaintiff is vague as to the identity of the other products or parties, the only logical inference is that Plaintiff is seeking damages for sales of lutein/zeaxanthin products in the United States—that is, sales of products by IVC's direct competitors.  IVC would thus be forced to defend against infringement not only of its own products, but those of its competitors.

Courts have repeatedly condemned the unfairness of joining competing manufacturers in a single patent infringement case, even where the manufacturers use the same suppliers. *See IpVenture*, 2012 WL 3016958, at *2; *Sorensen v. DMS Holdings, Inc.*, Civ. A. No. 08CV559-BTM-CAB, 2010 WL 4909615 (S.D. Cal. Nov. 24, 2010) ("[A]lleging a common manufacturer and infringement of the same patent is not enough to support joinder where defendants are unrelated companies, selling different products."); *see also Androphy v. Smith & Nephew, Inc.*, 31 F. Supp. 2d 620, 622–23 (N.D. Ill. 1998); 35 U.S.C. § 299(b).  Yet Plaintiff seeks to impose this same situation on IVC through the artifice of simply failing to name the competitors.  That artifice only exacerbates the potential prejudice to IVC.

IVC is also prejudiced by the attempted addition of willful infringement claims against OmniActive.  In rejecting Plaintiff's willful infringement claims, this Court specifically rejected Plaintiff's attempt to impute OmniActive's knowledge to IVC.  (D.I. 34 at n.1.)  Plaintiff has now abandoned its effort to prove willful infringement against IVC,[2] but it nonetheless seeks to introduce the same allegations of OmniActive's knowledge into the case through joinder.  As a result, IVC would be forced both to defend against those allegations and run the risk, to its considerable prejudice, that the jury will not distinguish between the separate questions of infringement by IVC, and the knowledge and prudence of OmniActive.  In *SmithKline Beecham Corp. v. Pentech Pharmaceuticals, Inc.*, the court denied an amendment to add a willfulness claim against the existing defendant based on the prejudice caused by forcing that defendant to alter its legal theories to defend against the newly added claim.  *See* 2002 WL 1303137, at *3.

---

[2] Plaintiff's proposed Second Amended Complaint asserts willfulness only against OmniActive, not against IVC.  (D.I. 52-1 at 9.)

Here, the prejudice is even *greater*, because IVC will be forced to devote time and resources to dealing with a new willfulness claim asserted against a separate party.

Plaintiff argues that any prejudice from its proposed amendments is irrelevant because OmniActive "is indemnifying IVC in this litigation." (D.I. 52 at 3.) But any indemnification does not eliminate the prejudice felt by IVC. IVC is the entity competing in the marketplace, and the existence of this lawsuit tarnishes its reputation. Moreover, the ultimate result in this lawsuit bears on the true cost of IVC's product and impacts IVC's bottom line. Nor does indemnification address the injunctive relief sought by Plaintiff, which would bar IVC's products from the marketplace. Tellingly, Plaintiff's bald assertion that this Court can ignore prejudice to Defendant because of an indemnity agreement is unsupported by legal citation. Both the law and the facts are to the contrary: IVC will be significantly prejudiced by Plaintiff's proposed amendments, and that prejudice is a compelling reason for denying the amendment.

### C.    Plaintiff's Second Amended Complaint Is Deficient; Therefore Amendment Would Be Futile and Should Be Denied

If amendment of a complaint would be futile—in other words, if the additional claims would not survive a motion to dismiss—then a motion to amend should be denied. *See Foman*, 371 U.S. at 182. Although the pleading requirements under the Federal Rules are not onerous, the Plaintiff must allege facts that support each element of the claim advanced. *See Eidos Commc'ns, LLC v. Skype Tech. SA*, 686 F. Supp. 2d 465, 467 (D. Del. 2010). These facts must be sufficient to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Plaintiff's complaint and purported allegations of infringement against OmniActive do not satisfy the basic pleading requirements, and therefore Plaintiff's motion to amend should be denied.

*First*, Plaintiff has failed to state a claim of direct infringement against OmniActive.  To plead a claim for direct infringement, Plaintiff must put the alleged infringer on sufficient notice to ascertain the products that allegedly infringe.  *See* Fed. R. Civ. P. Form 18 (requiring an allegation that defendant has been infringing the patent "by making, selling, and using [the devices] that embody the patented invention"); *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1333–34 (Fed. Cir. 2012); *Lantiq N. Am., Inc. v. Ralink Tech. Corp.*, Civ. A. No. 11-00234-EJD, 2011 WL 2600747, at *7 (N.D. Cal. Jun. 30, 2011).

It appears that Plaintiff attempts to allege that OmniActive directly infringes the '432 patent by making the following statements:

> 15.     Defendants manufactures, uses, offers for sale and sells products that contain a carotenoid called Mesozeaxanthin ("the infringing products").  IVC's infringing products include without limitation one made, used, offered for sale and sold as trunature® Lutein and Zeaxanthin.

*       *       *

> 39.     There was a high likelihood that OmniActive's conduct in making using, offering for sale and selling its product constituted infringement of the '432 patent.

(D.I. 52-1 at ¶¶ 15, 39.)  Plaintiff does not identify which, if any, OmniActive product infringes the '432 patent.  Instead, the complaint simply refers to "its product."[3]  The only specifically accused product in the Second Amended Complaint, Trunature® Lutein & Zeaxanthin, is "IVC's infringing product."  These allegations fall far short of notifying OmniActive of its accused

---

[3] Plaintiff has not alleged that OmniActive's Lutemax™ 2020 infringes the '432 Patent.  Nor has it suggested that this bulk ingredient constitutes a "pharmaceutical composition" within the claims.  *See* Andersen Decl., Ex. 1 at 1 & Ex. A (asserting that IVC's Trunature® softgels constitute a "pharmaceutical composition" within the meaning of the claims, but not asserting that OmniActive's bulk product falls within the claims).  If now, after substantial delay, Plaintiff is arguing that the Lutemax™ 2020 bulk product directly infringes, this new legal theory and dramatic expansion of the claims will require substantial additional discovery and rethinking of legal positions and applicable prior art.

infringing products.  *See In re Bill of Lading*, 681 F.3d at 1333–34; *see also Eidos Commc'ns, LLC*, 686 F. Supp. 2d at 467.

    *Second*, Plaintiff has failed to adequately plead that OmniActive has induced infringement (by IVC or otherwise).[4]  To succeed on an inducement claim, Plaintiff must show that OmniActive "knowingly induced infringement and possessed specific intent to encourage another's infringement."  *DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1306 (Fed. Cir. 2006) (internal quotations omitted).  To survive a motion to dismiss, a claim for inducement must "plausibly show[] that the alleged indirect infringer specifically intended the direct infringers to infringe the patent-at-issue and knew that the direct infringer's acts constituted infringement."  *Pragmatus AV, LLC v. Yahoo! Inc.*, Civ. A. No. 11-902-LPS-CJB, 2012 WL 6044793, at *13 (D. Del. Nov. 13, 2012); *see also MONEC Holding AG v. Motorola Mobility, Inc.*, Civ. A. No. 11-798-LPS-SRF, 2012 WL 4340653, at *8 (D. Del. Sept. 20, 2012).  The Supreme Court has made clear that where a cause of action requires intent to be pled, the complaint must include "factual allegation[s] sufficient to plausibly suggest [the other party's] state of mind."  *Ashcroft v. Iqbal*, 556 U.S. 662, 683 (2009).

    Plaintiff has not made any allegations that suggest OmniActive possessed "specific intent" to encourage infringement of the '432 patent.  Rather, Plaintiff's proposed complaint is limited to legal conclusions, such as, "Defendants have induced the use, sale and/or offer for sale by others of its infringing products, methods and services."  (D.I. 52-1 at ¶ 37.)  Allegations "supported by mere conclusory statements" do not suffice to state a claim.  *Iqbal*, 556 U.S. at 678.

---

[4] To the extent Plaintiff is arguing that OmniActive induces or contributes to infringement by entities other than IVC, the Second Amended Complaint also does not provide the names of those entities or the names of additional accused products.

*Third*, Plaintiff has failed to adequately plead a claim of contributory infringement against OmniActive.  A party is liable for contributory infringement when it "sells a component with knowledge that the component is especially designed for use in a patented invention, and is not a staple article of commerce suitable for substantial noninfringing use."  *Spansion, Inc. v. ITC*, 629 F.3d 1331, 1353 (Fed. Cir. 2010), *cert. denied*, 132 S. Ct. 758 (2011) (internal quotations omitted).  Therefore, at a minimum, Plaintiff must allege OmniActive sells or offers to sell its products knowing they are especially made or adapted for use to infringe the '432 patent, and that they do not have substantial noninfringing uses.  Plaintiff has not done so.  Similar to its allegations regarding inducement, Plaintiff merely states "Defendants have contributed to the use, sale and/or offer for sale by others of its infringing products, methods and services." (D.I. 52-1 at ¶ 36.)  This is not sufficient to plead a claim for contributory infringement.  *See Iqbal*, 556 U.S. at 678; s*ee also In re Bill of Lading*, 681 F.3d at 1338–39.

*Fourth*, to the extent Plaintiff is accusing products other than Trunature® Lutein & Zeaxanthin, Plaintiff has failed to adequately plead proper joinder under the AIA, 35 U.S.C. § 299 (nor does Plaintiff even mention this joinder standard).  Under the AIA:

> parties that are accused infringers may be joined in one action as defendants or counterclaim defendants, or have their actions consolidated for trial, or counterclaim defendants only if—(1) any right to relief is asserted against the parties jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences relating to the making, using, importing into the United States, offering for sale, or selling of the same accused product or process . . . .

Plaintiff's proposed Second Amended Complaint is facially deficient.  It does not allege that IVC and OmniActive are jointly and severally liable for sales of these yet-unnamed accused products.  Nor does it indicate that the anonymous others are selling "the same accused product" as IVC, or that there is some transactional link between OmniActive's sales to IVC and

OmniActive's sales to other entities.  The proposed amendment falls far short of the pleading requirements for joinder under the AIA.

*        *        *

Because Plaintiff has alleged no plausible infringement claim against OmniActive, permitting Plaintiff to amend its complaint to join OmniActive as a Defendant would be futile. Thus, Plaintiff's motion to amend should be denied.  *See Foman*, 371 U.S. at 182.

**<u>CONCLUSION</u>**

For the foregoing reasons, Plaintiff's motion for leave to file a Second Amended Complaint should be denied.


|                                     | YOUNG CONAWAY STARGATT & TAYLOR, LLP           |
|-------------------------------------|------------------------------------------------|
| OF COUNSEL:                         | */s/ Adam W. Poff*                             |
| Roderick R. McKelvie                | Adam W. Poff (No. 3990)                        |
| Christopher N. Sipes                | Monté T. Squire (No. 4764)                     |
| Erica N. Andersen                   | Rodney Square                                  |
| Meagan P. Keane                     | 1000 North King Street                         |
| COVINGTON & BURLING LLP             | Wilmington, DE  19801                          |
| 1201 Pennsylvania Avenue, NW        | (302) 571-6600                                 |
| Washington, DC 20004-6020           | *apoff@ycst.com*                               |
| Tel:  (202) 662-6000                | *msquire@ycst.com*                             |
| Fax:  (202) 662-6291                |                                                |
|                                     | *Attorneys for Defendant International Vitamin* |
| Dated: January 2, 2013              | *Corporation*                                  |

## <u>CERTIFICATE OF SERVICE</u>

I, Adam W. Poff, hereby certify that on January 2, 2013, I caused to be electronically

filed a true and correct copy of the foregoing document with the Clerk of the Court using

CM/ECF, which will send notification that such filing is available for viewing and downloading

to the following counsel of record:

> Richard L. Horwitz, Esquire
> David E. Moore, Esquire
> POTTER ANDERSON & CORROON LLP
> 1313 N. Market Street, 6th Floor
> Wilmington, DE 19899
> *rhorwitz@potteranderson.com*
> *dmoore@potteranderson.com*
>
> *Attorneys for Plaintiff*

I further certify that on January 2, 2013, I caused a copy of the foregoing document to be

served by e-mail on the above-listed counsel of record and on the following:

> Kevin M. Bell, Esquire
> Scott Chambers, Ph.D.
> Lacy Kolo, Ph.D.
> PATTON BOGGS, LLP
> 8484 Westpark Drive, Ninth Floor
> McLean, VA 22102
> *kbell@pattonboggs.com*
> *schambers@pattonboggs.com*
> *lkolo@pattonboggs.com*
>
> Richard J. Oparil, Esquire
> PATTON BOGGS, LLP
> 2550 M Street, NW
> Washington, DC 20037
> *roparil@pattonboggs.com*

Caroline C. Maxwell, Esquire
PATTON BOGGS, LLP
2000 McKinney Avenue, Suite 1700
Dallas, TX  75201
*cmaxwell@pattonboggs.com*

*Attorneys for Plaintiff*

Dated:   January 2, 2013

YOUNG CONAWAY STARGATT &
 TAYLOR, LLP

*/s/  Adam W. Poff*
Adam W. Poff (No. 3990)
Monté T. Squire (No. 4764)
Rodney Square
1000 N. King Street
Wilmington, Delaware 19801
apoff@ycst.com

*Attorneys for Defendant*